UNITED STATES DISTRICT COURT

DISTRICT OF OREGON

PORTLAND DIVISION

CURTIS M. CLARK,

                Plaintiff,

     v.

STATE OF OREGON; BUREAU OF
LABOR AND INDUSTRIES,

                Defendant.

Case No. 3:16-cv-00574-ST

OPINION AND ORDER

**YOU, Magistrate Judge:**

Plaintiff, Curtis M. Clark, has applied to proceed *in forma pauperis* (docket #1).  An examination of the application reveals that she is unable to afford the fees of this action.  Accordingly, her application is granted and no filing fee will be assessed.  However, for the reasons set forth below, the Complaint is dismissed without prejudice, and *pro bono* counsel will be appointed for the limited purpose of assisting her in filing an amended complaint.

## STANDARDS

A complaint filed *in forma pauperis* may be dismissed at any time, including before service of process, if the court determines that:

        (A) the allegation of poverty is untrue; or
        (B) the action or appeal
                (i) is frivolous or malicious;
                (ii) fails to state a claim on which relief may be granted; or
                (iii) seeks monetary relief against a defendant who is immune from
                such relief.

28 USC § 1915(e)(2); *see also Neitzke v. Williams*, 490 US 319, 324 (1989).

A complaint is frivolous "where it lacks an arguable basis either in law or in fact." *Neitzke*, 490 US at 325; *Lopez v. Dep't of Health Servs.*, 939 F2d 881, 882 (9th Cir 1991). A court must liberally construe the allegations of a *pro se* plaintiff and "afford the plaintiff the benefit of any doubt." *Lopez*, 939 F2d at 883 (citation omitted). However, under FRCP 8(a)(2), all complaints must contain "a short and plain statement of the claim showing that the pleader is entitled to relief." A complaint must "give the defendant fair notice of what the plaintiff's claim is and the grounds upon which it rests." *Conley v. Gibson*, 355 US 41, 47 (1957). This standard "does not require 'detailed factual allegations,'" but does demand "more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Ashcroft v. Iqbal*, 556 US 662, 678 (2009), quoting *Bell Atl. Corp. v. Twombly*, 550 US 544, 555 (2007). "A pleading that offers 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action will not do.'" *Id.*

## ALLEGATIONS

Clark filed a Complaint (using the court's form) against the State of Oregon and the Oregon Bureau of Labor and Industries. She alleges that this case is based on diversity of citizenship and identifies no particular constitutional, statutory or treaty right that is at issue. Complaint, pp. 2-3. She alleges as follows:

> Plaintiff began employment with Defendant on or about May 6, 2014. Defendant abruptly terminated Plaintiff's employment after obtaining information regarding the Plaintiff's gender identification, sexuality, and Religious Affiliation. Plaintiff only received positive verbal feedback and was never disciplined or written up for anything what-so-ever. Plaintiff is a transgender woman whom, at the time presented male for work and female in her personal life up [un]til July 2015 when she no longer presented male in any aspects of her daily life.

Complaint, p. 3.

## DISCUSSION

The Complaint suffers from several obvious defects. First, the pleadings currently contain no viable jurisdictional allegation. No diversity of citizenship exists. Indeed, Clark alleges that all parties are citizens of Oregon. Complaint, ¶ 3. A constitutional provision or federal statute may exist to support a claim based on Clark's factual allegations, but no such constitutional or statutory provision is identified in the Complaint. Any claim based on a violation of Clark's constitutional rights must be brought under 42 USC § 1983. That statute authorizes an injured plaintiff to assert a claim for relief against a person who, acting under color of state law, violated the plaintiff's federally protected rights. To state a § 1983 claim, the plaintiff must allege facts showing a deprivation of a federal right by a person who acted under color of state law. *Anderson v. Warner*, 451 F3d 1063, 1067 (9th Cir 2006). Alternatively, Clark may be attempting to state a claim based upon a federal discrimination statute, and may well have parallel claims under state discrimination statute(s). However, the Complaint does not satisfy the FRCP 8 standard because it does not give fair notice of the factual basis and nature of Clark's claim(s), whether constitutionally or statutorily based.

Second, Clark names as a defendant the State of Oregon and one of its agencies, which raises issues of sovereign immunity. Third, to the extent it may be required, Clark makes no allegation that she exhausted her administrative remedies on any claims which may require such exhaustion.

To assist her in prosecuting this action, Clark filed a Motion for Appointment of *Pro Bono* Counsel (docket # 3). No constitutional right exists to be represented by counsel in a civil action. *Palmer v. Valdez*, 560 F3d 965, 970 (9th Cir 2009) (citation omitted). However, the court may appoint counsel for indigent civil litigants under "exceptional circumstances," which

3 -- OPINION AND ORDER

requires consideration of the likelihood of success on the merits and the ability of the petitioner to articulate his claims *pro se* in light of the complexity of the legal issues. *Id* (citations omitted). Clark has attempted to retain counsel, but one firm declined to assist her and another withdrew due to a conflict of interest. She also notes her lack of legal knowledge, which is supported by the current lack of any viable jurisdictional basis upon which this court may proceed, the failure to identify the particular statute(s) which may support her claim(s), and allegations to address preliminary issues such as exhaustion.

Clark has not yet filed a Complaint that adequately states a jurisdictional basis on which this court may proceed and identifies the nature of her claim(s). Based on the above, this court will appoint *pro bono* counsel to assist her in filing an amended complaint.

## ORDER

Plaintiff's Application to Proceed *In Forma Pauperis* (docket #1) is GRANTED, and no filing fee will be assessed. However, for the reasons set forth above, the Complaint is DISMISSED without prejudice and with leave to replead, and the pending Motion for Appointment of Pro Bono Counsel (docket #3) is GRANTED for the limited purpose of assisting Clark in filing an amended complaint. The First Amended Complaint is due 28 days after *pro bono* counsel accepts the appointment.

DATED May 2, 2016.

Youlee Yim You
United States Magistrate Judge